UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DR. RICHARD SAMUEL PIAZZA,

       Defendant.
_____/

Case No. 1:19-cr-50

Hon. Janet T. Neff
United States District Judge

**DEFENDANT'S MOTION FOR COMPETENCY EXAMINATION
AND BRIEF IN SUPPORT**

Now comes Dr. Richard Samuel Piazza, by and through his attorney, Sean R. Tilton, Assistant Federal Public Defender, and hereby moves this Court to order the defendant to undergo an examination to determine his current mental competency and his criminal responsibility at the time of the offense, pursuant to 18 U.S.C. § 4241(a) and 18 U.S.C. § 4242(a). Counsel believes such an examination is necessary to protect the defendant's right to due process in these proceedings and requests a psychiatric and/or psychological examination be conducted of Dr. Piazza, and the results of those examinations be filed with this Court pursuant to 18 U.S.C. § 4247(c). Defense counsel has consulted with AUSA Clay Stiffler. The government does not oppose defense counsel's motion for examinations pursuant to 18 U.S.C. §§ 4241(a) and 4242(a). However, the government is requesting that the examinations are completed in the custody of BOP. Dr. Piazza is requesting that the examination is

completed locally, so that Dr. Piazza can continue to reside at Alternative Directions.

### I. Background

Dr. Piazza was charged by way of complaint on February 11, 2019, with conspiracy to distribute schedule II and IV controlled substances.  Dr. Piazza made his initial appearance on February 12, 2019, and he requested court-appointed counsel.  On February 15, 2019, he returned to court with undersigned counsel for his preliminary and detention hearings.  The government withdrew its motion for pretrial detention, and Dr. Piazza was released on bond.  As a condition of his bond, Dr. Piazza is residing at Alternative Directions.  On February 27, 2019, he was indicted and charged with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); and with three counts of unlawful distribution of prescription drug controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  A superseding indictment was filed on March 27, 2019, which added a co-defendant to the conspiracy count and a count against the co-defendant for acquiring a controlled substance by fraud, deception, or subterfuge.

On April 10, 2019, the court granted defense counsel's Motion for Ends-of-Justice Continuance.  Currently, a final pretrial conference is scheduled for July 29, 2019, and the jury trial is scheduled for August 5, 2019.

### II. Request for Psychiatric and/or Psychological Examination

There is reasonable cause to believe that Dr. Piazza may presently be suffering from a mental disease or defect that renders him unable to understand these proceedings or to rationally assist in his defense. Additionally, the behavior observed by counsel potentially calls

into question criminal responsibility at the time of the charged offense. Defense counsel and his staff have met and spoken personally with Dr. Piazza on multiple occasions since being appointed. During those meetings, Dr. Piazza has exhibited erratic, paranoid, and delusional behavior. Based upon counsel's review of discovery and investigation into the case, counsel believes that Dr. Piazza may have been exhibiting some of the same behavior at the time of the charged offense.

While defense counsel does not believe Dr. Piazza poses a danger to himself or others, he may be unable to discern reality from delusions, and may not be able to assist counsel effectively in his own defense to the serious charges filed against him in this case. In light of this, the defense makes the instant motion for the Court to order psychiatric or psychological examinations of Dr. Piazza.

### III. Location of the Requested Examinations

A psychological examination must be conducted by a licensed or certified psychiatrist or psychologist, as "designated by the Court." 18 U.S.C. § 4247(b). The Court is permitted, but ***not required***, to order the person committed to a suitable facility for purposes of the examination. A "suitable facility" is defined as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247(a)(2). Thus, the court-ordered psychological/psychiatric examination may take place while the defendant is not in the custody of the Bureau of Prisons or the Attorney General.

Dr. Piazza is currently on bond and residing at Alternative Directions. Dr. Piazza is requesting that the examinations be conducted locally, by an examiner chosen by the Court or by an examiner agreed upon by defense counsel and the government. Defense counsel has

contacted a licensed psychologist, previously retained by the Office of the Federal Public Defender, for purposes of conducting the evaluation.

Dr. Piazza has appeared timely at all required hearings and appointments with his lawyer and staff.  Permitting him to remain at Alternative Directions during this period will allow defense counsel to effectively consult with and advise him about his rights in this case, including the results of the examination and their implications for his case.

### III.     Conclusion and Relief Requested

Under 18 U.S.C. § 4241(a), it is within the Court's discretion to order an evaluation of the defendant's competency.  Similarly, under 18 U.S.C. § 4242(a), the Court has the discretion to order a psychiatric or psychological examination of the defendant.  Dr. Piazza, through counsel, is requesting both of these examinations.  A hearing should be held regarding those determinations, after the necessary examination and receipt of a report from the mental health professional.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

/s/ Sean R. Tilton
SEAN R. TILTON
Assistant Federal Public Defender
50 Louis NW, Suite 300
Grand Rapids, Michigan  49503
Dated:  May 20, 2019                                   (616) 742-7420