UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DR. RICHARD SAMUEL PIAZZA,

    Defendant.
_____/

Case No. 1:19-cr-50

HON. JANET T. NEFF

## ORDER

On March 27, 2019, a grand jury returned a multi-count superseding indictment charging Defendant with conspiracy to distribute and possess with intent to distribute controlled substances, and unlawful distribution of prescription drug controlled substances (ECF No. 26). Pending now before the Court is Defendant's Motion for Competency Examination (ECF No. 36), moving for examinations to determine Defendant's current mental competency and his criminal responsibility at the time of the offense pursuant to 18 U.S.C. § 4241(a) and 18 U.S.C. § 4242(a). The government does not oppose the motion for examinations. However, the government requests that the examinations be completed in the custody of Bureau of Prisons. Defendant requests that they be completed locally, so that he can continue to reside at Alternative Directions (*see* ECF No. 37).

The Court construes Defendant's Motion under § 4242 as notice pursuant to Federal Rule of Criminal Procedure 12.2(a) of an intent to raise an insanity defense, and construes the lack of opposition by the Government as a motion for examination under Rule 12.2(c)(1)(B). There appears to be no dispute in this case that an examination of Defendant's mental state at the time of the offense is appropriate and necessary.

The defense Motion requests a psychiatric and/or psychological examination be conducted of Defendant pursuant to 18 U.S.C. § 4241(a) and § 4242(a) and the results of those examinations

be filed with this Court pursuant to 18 U.S.C. § 4247(c). The representations in Defendant's Motion (ECF No. 36) are sufficient for the Court to conclude that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See* 18 U.S.C. § 4241(a). Additionally, this case potentially implicates a defense of insanity. *See* 18 U.S.C. § 4242(a).

The Court therefore finds that such examination should be conducted in accordance with standard procedures of this Court for examinations pursuant to 18 U.S.C. § 4241 and § 4242. Such procedures will provide necessary assurance to the Court that Defendant's mental competency has been appropriately evaluated and his interests are properly safeguarded with respect to the criminal proceedings before the Court. Accordingly:

**IT IS HEREBY ORDERED** that a hearing be conducted to determine Defendant's mental competency. *See* 18 U.S.C. §§ 4241(a), 4242 (a); FED. R. CRIM. P. 12.2(c)(1).

**IT IS FURTHER ORDERED** that Defendant is committed to the custody of the Attorney General for a psychiatric/psychological examination within the meaning of 18 U.S.C. §§ 4241(b), 4242(a) and 4247(b) for a reasonable period, not to exceed thirty (30) days, to commence when Defendant arrives at the facility, unless otherwise extended by the Court upon a showing of good cause that additional time is necessary for observation and evaluation of Defendant, in which case the Court will grant an extension of time not to exceed fifteen (15) days. 18 U.S.C. § 4247(b). The examination shall occur as soon as practicable, and in a location as close as practicable to the Court. The Government shall pay the reasonable costs of the examination.

**IT IS FURTHER ORDERED** that upon being advised by the Attorney General of the facility to which Defendant has been designated, the United States Marshals Service is directed to promptly inform the Court, at which time the Court will issue an order directing the United States

Marshals Service to transport Defendant to the designated facility. When Defendant's examination is concluded and the examining facility deems Defendant ready to return to this district, the representative of that facility shall so advise both this Court and the United States Marshals Service, after which Defendant shall be forthwith returned to this district by the United States Marshals Service and released pursuant to his current bond conditions.

**IT IS FURTHER ORDERED** that the evaluation shall include extensive objective testing, and it shall evaluate whether Defendant is competent to stand trial, whether Defendant was insane at the time of the offense charged; and whether defendant's mental condition might be improved through mental health treatment, including prescription medication. The professional performing the evaluation shall submit a report to the undersigned pursuant to 18 U.S.C. § 4247(c). The Court will file the report under restricted access, making it equally available to counsel of record for both parties.

**IT IS FURTHER ORDERED** that the mental health professional preparing the report shall make himself or herself available for testimony at the competency hearing.

**IT IS FURTHER ORDERED** that, upon return of the report, a competency hearing shall be promptly scheduled by the Court's case manager.

**IT IS FURTHER ORDERED** that the period of time from the Motion until the issue of Defendant's competency is resolved is excluded for the purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), subject to Sixth Circuit law, because the delay is necessary to determine Defendant's mental competency.

Dated:  May 23, 2019                                                       /s/ Janet T. Neff
                                                                           JANET T. NEFF
                                                                           United States District Judge